JEFFERSON HUNT v. LUCY GRUBBS.

Husband and Wife — Coverture — Title Bond — Wife's Note.

The wife sold land and executed her title bond therefor, receiving part of the consideration; afterward the contract was canceled and she executed her note to her grantee for the amount which she had received on the purchase price, taking up the title bond.

Suit having been brought on the note, she pleaded her coverture at the time of the execution of the note. Held, that she will not be permitted to hold both the land and the consideration for it. If she is not bound on the note she is bound on her title bond.

APPEAL FROM BUTLER CIRCUIT COURT.

February 26, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The appellee whilst sole executed to appellant he title bond for a small tract of land and received as part payment a mare.

The trade seems to have been mutually abandoned afterward and appellant did not get the land, subsequently appellee married and afterward separated from her husband and sued for a divorce whilst this suit was pending, and before she obtained a divorce she and appellant settled and she executed the note sued upon for $75, and took up the bond.

Suit being brought on the note she pleaded her coverture at the time it was executed, and thereupon appellant offered to file an amended petition, issue going on the original consideration, and stating the facts as above, also that there was an antenuptial contract between her and her husband, and insisting that by reason thereof that she was bound by the note.

The court permitted it to be filed as to the latter facts, but overruled it as to the first, and exception was taken to this ruling. Upon final hearing the suit was dismissed, and this appeal seeks a correction of the errors.

It is manifestly unjust that appellee should be permitted to keep both the land and the consideration for it, and if she is not bound on the note, it having been executed whilst she was married, without the consent or joining of her husband, still she was bound on her title bond, and should not be permitted to keep and treat it as satisfied, and refuse to pay the consideration for its cancelment.

The amended petition was highly proper and the court erred in rejecting it; she must either pay the note or answer her responsibilities on the covenants of the bond,. and in this view it matters but little whether by her antenuptial contract she retained the power to bind herself whilst married or not.

The judgment is reversed with directions to allow the amended petition to be filed and issue joined thereon, and for such other amendments as may be proper to correctly present the real issues, if offered within reasonable time.